UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BIG SCORE ENTERTAINMENT, LLC,<br><br>        Plaintiff,<br>v.<br><br>ERICA M. CHRISWELL,<br><br>        Defendant. | 3:10-CV-1993(CSH) |

**RULING ON MOTIONS TO TRANSFER,
TO QUASH, AND FOR DEFAULT JUDGMENT**

HAIGHT, Senior District Judge:

Three motions are pending in the captioned action. Pro se defendant Erica M. Chriswell has filed a Motion to Dismiss and/or Transfer (the "Motion to Transfer") [Doc. 46] urging the Court to transfer this action to the Northern District of Illinois, as well as a Second Motion to Quash of Summons on Basis of Invalid Service and Court Lacking Personal Jurisdiction Over Non-Resident Defendant (the "Motion to Quash") [Doc. 32]. Plaintiff Big Score Entertainment, LLC has filed an Objection to "Motion to Quash of Summons on Basis of Invalid Service and Court Lacking Personal Jurisdiction Over Non-Resident Defendant"; Renewed Motion for Default Judgment; and Motion for Costs, which has been docketed as a Second Motion for Default Judgment (the "Motion for Judgment") [Doc. 28]. For the reasons given herein, the Motion to Transfer is GRANTED, and the Motion to Quash and Motion for Judgment are DENIED.

I. **Relevant Facts**

Plaintiff describes itself as "a Connecticut-based record label" that is "one of the most successful independent record companies in the world." Complaint [Doc. 1] ¶ 6. Plaintiff

1

distributes certain goods, such as CDs and clothing items, under the name "Arika Kane." *Id.* ¶ 7. In fact, the artist known as Arika Kane is Plaintiff's "marquee recording artist." *Id.*

Defendant is an individual resident in Burbank, Illinois who has marketed sound recordings under the name "Eryka Kane." *Id.* ¶ 12. Plaintiff alleges that, in so doing, Defendant has infringed its trademark in the name "Arika Kane." On that basis, Plaintiff brings claims against Defendant for violation of the Lanham Act, 15 U.S.C. § 1125 *et seq.*, the Connecticut common law of unfair competition, and the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a *et seq.* Defendant, meanwhile, has filed a related action in the Northern District of Illinois. *Chriswell v. Big Score Entertainment*, No. 1:11-CV-00861 (N.D. Ill.). That action was filed subsequent to the initiation of the instant case in this Court. The relief Defendant seeks in the Illinois action is not clear from the present record.

Defendant has not answered the Complaint, and for that reason Plaintiff has filed motions for default judgment against Defendant, including the pending Motion for Judgment, in which Plaintiff also seeks its costs and fees for bringing that motion. Instead of answering, Defendant has filed a series of motions directing to dismissing the Complaint. In the most recent of these, the Motion to Quash, Defendant makes two arguments for dismissal. The first argument, claiming lack of service of process, has already been rejected by the Court [*see* Doc. 24]. The second argument is that this Court lacks personal jurisdiction over Defendant. In response to that argument, the Court issued an Order [Doc. 40] which, in addition to denying a Motion for Hearing [Doc. 37] that Plaintiff had filed, instructed Plaintiff to file affidavits or other evidence showing what information is the basis for its allegation in the Complaint that Defendant has distributed infringing materials in the District of Connecticut.

On July 20, 2012, Plaintiff complied with the Court's order by filing two affidavits [Docs. 42-43] showing that certain Connecticut residents had purchased Defendant's recordings online while in Connecticut. Defendant then filed the Motion to Transfer, arguing that this action could better be handled by the Northern District of Illinois, which includes Burbank, Illinois, where she resides. That motion has been fully briefed.

**II.     Motion to Quash**

The only argument in the Motion to Quash not already decided is Defendant's argument that this Court lacks personal jurisdiction over her.[1] Plaintiff, however, has now established the existence of personal jurisdiction. It asserts that the Court has personal jurisdiction over Defendant under Connecticut's long-arm statute, Conn. Gen. Stat. § 52-59b. Memorandum of Law in Support of Personal Jurisdiction Over Defendant [Doc. 41] at 2-4. Specifically, Plaintiff relies on the provision of the long-arm statute that extends Connecticut jurisdiction to any person who has transacted business in Connecticut. This provision covers persons from whom customers in Connecticut have made purchases over the Internet. *On-Line Techs. v. Perkin Elmer Corp.*, 141 F.Supp.2d 246, 265 (D. Conn. 2001).

The affidavits Plaintiff has submitted show that customers have purchased "Eryka Kane" songs from Defendant by using their home computers in Connecticut to access the Internet. Affidavit of Louis Humphrey [Doc. 42] at 1-2; Affidavit of Jennifer Clark [Doc. 43] at 1-2. Under *On-Line Technologies* and similar decisions, this is sufficient to satisfy the Connecticut long-arm statute and federal minimum-contacts requirements. Defendant has not replied to this evidence; the

---

[1] In Doc. 40, the Court construed the Motion to Quash, with the charity appropriate for pro se pleadings, as a Motion to Dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

reply brief she filed after the filing of the affidavits dealt instead with the already-decided service-of-process issue. Response to Plaintiff's Memorandum of Law in Filing Dated July 20, 2012 [Doc. 45] at 4. The Motion to Quash is therefore denied.

## III. Motion to Transfer

The Court construes the Motion to Transfer as a motion addressed to the Court's power to transfer actions under 28 U.S.C. § 1404(a). Because the Court does not construe the Motion to Transfer as a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendant's opportunity to request this transfer was not waived by her failure to include this request in previous Rule 12(b) motions, as Rule 12(g) would otherwise require. Plaintiff opposes such a transfer– understandably, as it is a company based in Connecticut. Memorandum of Law in Opposition to Defendant's Motion to Dismiss and/or Transfer ("Opp. Memo.") [Doc. 47].

Under the change of venue statute, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Defendant's argument, once stripped of references to the issue of lack of service of process on which she has already lost, is that this action could equally have been brought in the Northern District of Illinois, and that the Illinois district is more convenient and fair because Defendant, who is indigent and pro se, resides there, while Plaintiff could litigate without unreasonable inconvenience in either district. Motion to Transfer at 2-8.

There is no question that this action could have been brought in the Northern District of Illinois. The Complaint alleges that Defendant resides in Burbank, Illinois and is a citizen of Illinois. Complaint ¶ 3. It asserts that Defendant advertises and distributes the allegedly infringing materials

4

on the Internet via such services as iTunes, Amazon and MySpace. *Id.* ¶¶ 13-14. Plaintiff has submitted, as an exhibit to an affidavit, a document identifying Defendant's principal business address as being located in Burbank, Illinois. Affidavit of Jennifer Clark [Doc. 43], Ex. F. Plaintiff does not allege that Defendant carries out the advertisement and distribution of her products via the Internet from any jurisdiction other than Illinois. Thus, it is undisputed that many of the alleged acts giving rise to this action–specifically, Defendant's distribution of the allegedly infringing materials–occurred in the Northern District of Illinois. Although some of Defendant's sales were made to Connecticut customers, there is no reason to prefer Connecticut to the other states to which Defendant presumably made sales, except that Plaintiff happens to be located here. As noted *supra*, Defendant has filed an action in the Northern District of Illinois based on the same dispute. *Chriswell v. Big Score Entertainment*, No. 1:11-CV-00861 (N.D. Ill.).

Once it has been established that the action could have been filed in the proposed transferee district, a district court's decision under Section 1404(a) is made through an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Among the factors that the court considers are (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties. *Emp'rs. Ins. of Wausau v. Fox Entm't. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). There is also a rule that, in general, where there are two competing lawsuits, the first should have priority. *Id.* at 274-75.

The situation in this case is relatively simple. Both parties agree that Plaintiff distributes its

5

materials from its base in Connecticut, while Defendant distributes her allegedly infringing materials from her base in Illinois. There is no reason to assume that the operative facts are located any more in one district than the other. The first-filed rule favors Connecticut as a forum. Factor 1, the plaintiff's choice of forum, also favors Connecticut. Factors 2, 3, 5 and 6 do not, on the present record, favor either forum. That leaves Factors 4 and 7, the convenience and relative means of the parties.

Defendant asserts that she is indigent as well as pro se: "Defendant is in school in Illinois. She is a caregiver for an 80 year old dialysis patient whom she transports to and from dialysis 3 times per week in Illinois. She is unemployed and receiving social support from governmental agencies, family and friends." Motion to Transfer at 4. "The Defendant, while in the past has retained attorneys for other cases currently she is in no financial position to hire an attorney to represent her interests in the Connecticut case." *Id.* Plaintiff partly denies these assertions: "She [Defendant] claims poverty but owns real estate. She claims pro se status but files documents with robust legal citation and analysis." Opp. Memo. at 6. It asserts that "Plaintiff [presumably meaning Defendant] has substantial legal assistance in drafting the Instant Motion. Seemingly, this assistance was from a licensed attorney." *Id.* However, Plaintiff does not provide any reason, beyond its own bare assertions, for the Court to believe that Defendant owns real estate, received assistance from a licensed attorney, or is not indigent.[2]

Plaintiff, meanwhile, alleges that it is "one of the most successful independent record

---

[2] Defendant denies that she is making use of a licensed attorney's help, explaining that she is "finishing up post graduate school and will be applying for law school soon as I have come to realize a natural gift I have as a litigator." Memorandum of Law in Answer to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss And/Or Transfer [Doc. 48] at 2.

companies in the world." Complaint ¶ 6. Such a company must necessarily have resources far beyond those of an individual litigant who apparently has not been able to retain counsel in this matter. Plaintiff has been represented by counsel throughout this litigation. It does not deny, in its response to the Motion to Transfer, that it has the resources to litigate either in Connecticut or in Illinois. Opp. Memo. *passim*.

Under these circumstances, the balance of convenience and fairness weighs in favor of the Illinois forum. The loss to Plaintiff from being forced to litigate in a state other than the state where it has its headquarters cannot be great. Able counsel is no doubt available in Illinois, and Plaintiff should have no difficulty sending documents and witnesses to Illinois. The capacity of Defendant to litigate in Connecticut, on the other hand, is subject to serious question. If a hearing, conference or oral argument is held in this action in Connecticut, Defendant will have to travel halfway across the country and obtain accommodations here. The same is, of course, true of trial. The Court therefore grants the Motion to Transfer.

## IV. Motion for Judgment

Now that this action has been transferred to the Northern District of Illinois, the Motion for Judgment is effectively moot. The new court will presumably set a deadline for Defendant's answer to the Complaint. Consequently, the Court denies the Motion for Judgment.

## V. Conclusion

The Motion to Quash [Doc. 32] is DENIED. The Motion to Transfer [Doc. 46] is GRANTED insofar as it requests transfer of this action to the Northern District of Illinois, and DENIED in all other respects. The Motion for Judgment [Doc. 28] is DENIED as moot. The Clerk is directed to transfer this action to the United States District Court for the Northern District of

Illinois.

It is SO ORDERED.

Dated: New Haven, Connecticut
December 19, 2012

                                           /s/ *Charles S. Haight, Jr.*
                                           Charles S. Haight, Jr.
                                           Senior United States District Judge